1  IRAKLI KARBELASHVILI, Esq. (SBN 302971)
   ALLACCESS LAW GROUP
2  1400 Coleman Ave., Ste F28
3  Santa Clara, CA 95050
   Telephone: (408) 295-0137
4  Fax: (408) 295-0142
5  irakli@allaccesslawgroup.com

6  Attorneys for Plaintiff JAMES ALGER

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11

12 JAMES ALGER,                    ) Case No. 25-cv-3264
13                                 )
                                   ) **COMPLAINT FOR**
14           Plaintiff,            ) **INJUNCTIVE AND**
       v.                          ) **DECLARATORY RELIEF, AND**
15                                 ) **DAMAGES: DENIAL OF CIVIL**
16 ROBERCATY LLC,                  ) **RIGHTS AND ACCESS TO**
                                   ) **PUBLIC FACILITIES TO**
17           Defendant             ) **PERSONS WITH PHYSICAL**
                                   ) **DISABILITIES, PER FEDERAL**
18                                 ) **AND CALIFORNIA STATUTES**
19                                 )
20                                 ) **DEMAND FOR JURY TRIAL**
                                   )
21

22

23

24

25

26

27

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES
1

JAMES ALGER ("Plaintiff") complains of ROBERCATY LLC ("Defendant") as follows:

## INTRODUCTION

1. The Americans with Disabilities Act ("ADA") was enacted over three decades ago, establishing the most important and comprehensive civil rights law for persons with disabilities in our country's history. One of the principal goals of the ADA is the integration of people with disabilities into the country's economic and social life. (42 U.S.C. § 12101(a)). Despite this long-standing mandate, Defendant, the owner, operator, lessor, and/or lessee of the Acai Republic at 3530 W Temple Ave Ste C Pomona, CA 91768 ("Acai Republic"), has failed to provide disabled persons with full and equal access to its goods and services in violation of the ADA, by constructing and/or failing to remove architectural barriers that prevent persons who use wheelchairs or other mobility devices from using and enjoying its facilities in as full and equal manner as able bodied persons. In so doing, Defendant has also violated California civil rights laws including the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §.51 et seq. and the Disabled Persons Act ("DPA"), Cal. Civ. Code §54 et seq.

2. As a result of Defendant's discriminatory acts and omissions, Plaintiff has suffered, and will continue to suffer, damages, and has been, and will continue to be prevented and deterred from accessing and using Defendant's goods, services and facilities to the same extent as, and in a manner equal to non-disabled guests. Through this lawsuit, Plaintiff seeks compensation for his injuries and an injunction requiring Defendant to provide "full and equal" access to its public facilities for disabled persons as required by law.

## JURISDICTION

3. This Court has subject-matter jurisdiction of this action under 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. §§ 12101 *et seq*. Under

1 supplemental jurisdiction, attendant and related claims, arising from the same facts,
2 are also brought under California law, including, but not limited to, violations of
3 the Unruh Act, and the DPA.

## VENUE

4. Venue is proper in this court under 28 U.S.C. § 1391(b) and is founded on the fact that the real property that is the subject of this action is in this District and that Plaintiff's claims arose in this District.

## PARTIES

5. At all relevant times, Plaintiff is a qualified individual with a physical disability as defined by federal and state statutes. Plaintiff has progressive peripheral neuropathy, a physical impairment that damages the peripheral nerves. The deterioration from this condition advanced rapidly due to a work-related back injury. As a result, he experiences profound and progressive weakness and numbness in his hands, arms, legs, and feet. These physical impairments substantially limit major life activities, including walking and carrying out tasks that require fine motor skills. Because of these limitations, Plaintiff uses a wheelchair or scooter for mobility. He lives in Porter Ranch, California.

6. Defendant is and at all relevant times was the owner, operator, lessor, and/or lessee of the subject business, property, and buildings at all times relevant to this Complaint.

7. Acai Republic is a facility open to the public, a place of public accommodation, and a business establishment.

## FACTUAL ALLEGATIONS

8. In October 2025, while visiting his son at Cal Poly Pomona, Plaintiff and his son decided to stop at Acai Republic to pick up some smoothies before heading out to do some shopping for friends and family. The plan was to sit down together and enjoy a few quiet minutes before continuing our day.

9. The Acai Republic looked modern and inviting when Plaintiff and his son arrived—brightly lit, clean, and open, with large front windows and a stylish design that at first glance suggested accessibility. Unfortunately, once they got inside, it became obvious that there was nowhere Plaintiff could actually sit.

10. There were two distinct seating areas. The first had standard-height tables, but none of them provided adequate knee clearance for Plaintiff's scooter, make them unusable. The second was a fixed bar that ran across the front windows overlooking the parking lot, paired with tall stools that Plaintiff could not safely transfer onto. The only other seating was a deep couch placed along the wall, which was equally unusable. Despite the wide-open layout, there was not a single space inside where Plaintiff could sit and enjoy his drink.

11. As a result, Plaintiff and his son had to return to the car and drink their smoothies there instead. What was supposed to be a simple, shared experience between a father and son, sitting together in a local Acai shop, turned into a reminder of how easily accessibility barriers exclude people from public life.

12. Moments like this carry an emotional weight that goes beyond inconvenience. It is not just about where you can sit; it is about being able to participate in ordinary life without being quietly pushed to the sidelines. In this case, Plaintiff and his son were effectively removed from the shared public space and relegated to the parking lot, simply because the business had not provided even one accessible table or counter space.

13. Before filing this lawsuit, Plaintiff's counsel engaged a CASp-certified accessibility expert to evaluate the accessibility of the subject property. Upon information and belief, based on that evaluation, the expert determined that the property does not comply with applicable accessibility standards and identified the following barriers related to Plaintiff's disabilities:

### Seating / Entry

**(1) Window seating counter does not provide a 60" wide accessible seating area with compliant knee space.**

- CBC 2022: §11B-226.1, §11B-226.2, §11B-902.2–902.3 (dining surfaces; knee/toe clearance via §11B-305 & §11B-306).
- 2010 ADA Standards: §§226.1–226.2, §§902.2–902.3 with clear floor space and knee/toe per §§305, 306.

**(2) Front door does not provide required 12"×48" maneuvering clearance at push side due to garbage can.**

- CBC 2022: §11B-404.2.4, §11B-404.2.4.1 & related tables for swinging doors (maneuvering clearances).
- 2010 ADA Standards: §404.2.4 and Table 404.2.4.1 (maneuvering clearances at doors).

**(3) Front door floor mat presents a tripping hazard; edges not flush with flooring.**

- CBC 2022: §11B-302.1–302.3 (floor/ground surfaces: stable, firm, slip-resistant), §11B-303.2–303.3 (changes in level, beveling).
- 2010 ADA Standards: §§302.1–302.3 (floor/ground surfaces), §§303.2–303.3 (vertical changes in level).

**(4) No 5% accessible seating due to tables not providing compliant knee clearance.**

- CBC 2022: §11B-226.1 (5% of seating/standing spaces at dining surfaces), §11B-902.2–902.3 (clear floor space and height, knee/toe via §11B-305 & §11B-306).
- 2010 ADA Standards: §§226.1–226.2 and §§902.2–902.3 (dining surfaces & knee/toe clearance).

**(5) Couch/bench seating does not provide a 30"×48" clear floor space**

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

5

at short side of bench.

- CBC 2022: §11B-903.2 (bench clear floor space at end of bench, parallel to short axis, complying with §11B-305).
- 2010 ADA Standards: §903.2 (bench clear floor space) and §305 (30"×48" clear floor/ground space).

### Signage

(6) **Toilet does not have proper sign on door placed 58–60" high and contrasting.**

- CBC 2022: §11B-703.7.2.6 & §11B-703.7.2.6.1–.6.3 (toilet/bathing geometric symbols, 58–60" AFF, contrast), §11B-216.8 (toilet/bathing rooms signage).
- 2010 ADA Standards: §216.8 (toilet rooms and bathing rooms signage), §§703.5 & 703.7.2.1 (ISA requirements and visual characters).

(7) **No sign at latch side of restroom door placed 48–60" AFF.**

- CBC 2022: §11B-703.4, §11B-703.4.1–703.4.2 (tactile sign height 48–60" AFF and location at latch side).
- 2010 ADA Standards: §§703.2–703.4, esp. §703.4.1 & §703.4.2 (tactile sign height and latch-side location).

### Door Hardware

(8) **Restroom door lock requires twisting.**

- CBC 2022: §11B-404.2.7 (door hardware operable with one hand, no tight grasping, pinching, twisting), plus operable-parts criteria in §11B-309.3–309.4.
- 2010 ADA Standards: §404.2.7 (door hardware) and §§309.3–309.4 (operable parts).

### Water Closet / Grab Bars / Clearances

(9) **No WC rear 36" long grab bar.**

- CBC 2022: §11B-604.5 (WC grab bars), §11B-604.5.2 (rear wall grab bar 36" long min), with technical criteria in §11B-609.
- 2010 ADA Standards: §604.5 and §604.5.2 (rear wall grab bar 36" min length) with position per §609.4.

(10) **No clear space next to WC for transfer due to garbage can and proximity to sink.**
- CBC 2022: §11B-604.3 (clearance at WCs), §11B-604.3.1–604.3.2 (no encroaching objects within required clear area).
- 2010 ADA Standards: §604.3 (clearance around water closets).

(11) **No equipment should be placed in WC clear space unless directly related to WC; in this case sink/paper towel dispenser are in the WC clearance.**
- CBC 2022: Same WC clearance provisions: §11B-604.3, especially §11B-604.3.2
- 2010 ADA Standards: §604.3 with overlap limits and relationship to clear floor space in §305.

(12) **Restroom grab bars are over 36" high.**
- CBC 2022: §11B-609.4 (grab bar position 33"–36" to top of gripping surface).
- 2010 ADA Standards: §609.4 (same 33"–36" range).

### Accessories / Dispensers / Reach Range

(13) **Garbage can is foot-operated and not within accessible reach range.**
- CBC 2022: Operable parts & reach: §11B-309.3–309.4 (no tight grasping/twisting; 5 lbf max), §11B-308 (reach ranges).
- 2010 ADA Standards: §§309.3–309.4 and §308 (forward/side reach limits).

(14) **Paper towel dispenser operable part is over 40" AFF.**
- CBC 2022: §11B-603.5 (accessories in toilet rooms: operable parts 40" max AFF), plus §11B-308 & §11B-309.
- 2010 ADA Standards: §§308 & 309 (48" max reach, less strict than CBC but still applies).

(15) **No 30"×48" clear space in front of paper towel dispenser due to garbage can obstruction.**
- CBC 2022: §11B-305 (30"×48" clear floor space) and §11B-603.5 (toilet room accessories must be located on an accessible route with compliant clear floor space).
- 2010 ADA Standards: §305 (clear floor/ground space 30"×48" min) and §603 / §213.3.6 as applicable for toilet-room accessories.

(16) **No 30"×48" clear space in front of seat cover dispenser due to WC encroachment.**
- CBC 2022: Same clear-floor-space and accessory provisions: §11B-305 & §11B-603.5.
- 2010 ADA Standards: §305 for clear floor space; where treated as a toilet-room accessory, coordinated with §603.

(17) **Soap dispenser operable part is over 40" high.**
- CBC 2022: §11B-603.5 (40" max for operable parts of toilet-room accessories), plus §11B-308 & §11B-309.
- 2010 ADA Standards: §§308 & 309 (reach range and operable parts).

(18) **Garbage can is foot-operated and not within accessible reach range.**
- CBC 2022: §11B-308 (reach) and §11B-309.3–309.4 (operable parts).
- 2010 ADA Standards: §§308, 309.3–309.4.

<u>Mirrors</u>

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

8

1   (19)  **Reflecting edge of mirror is over 40" high.**

2   ○   CBC 2022: §11B-603.3 (bottom edge over lavatories/countertops 40"

3   max; 35" max when not over a counter).

4   ○   2010 ADA Standards: §603.3 mirrors (same 40"/35" limits).

5   14.   Plaintiff intends to return to this area again and will visit as a paying customer to Acai Republic if it is made accessible to him. Plaintiff is currently deterred from returning because of the barriers to access that permeate the subject premises.

15.   These individual barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after more detailed inspection by Plaintiff's counsel's accessibility expert.

# FIRST CLAIM:
# VIOLATION OF THE ADA, TITLE III
# [42 U.S.C. §§ 12101 et seq.]

16.   Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

17.   At all times relevant to this action, Title III of the ADA has been in full force and effect and has applied to Defendant's conduct.

18.   Plaintiff is a "qualified individual with a disability" for purposes of § 12188(a) of the ADA who is being subjected to discrimination based on disability in violation of Title III and who has reasonable grounds for believing he will be subjected to discrimination each time that he may attempt to use the subject facilities. Plaintiff has impairments that substantially limit one or more major life activities.

19.   "Private entities" that are "public accommodations" under the ADA includes clothing stores such as Acai Republic. *See* 42 U.S.C. § 12181(7)(E)).

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

9

20. Upon information and belief, based on publicly available information, the subject premises were constructed around 1989.

21. Defendant has discriminated against Plaintiff in violation of Title III of the ADA by the following (without limitation): (a) providing benefits that are unequal to that afforded to people without disabilities by not providing accessible features; (b) failing to make reasonable modifications in policies, practices, or procedures (at Acai Republic) when such modifications are necessary to afford, and would not fundamentally alter the nature of, the goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities; (c) failing to take steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (d) failing to construct Acai Republic in compliance with applicable federal standards for accessibility; (e) failing to remove architectural barriers that are structural in existing facilities where such removal is readily achievable; and (f) where Defendant can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable.

22. The barriers identified at Acai Republic are precisely the kind that the ADA and the Department of Justice ("DOJ") presume to be readily achievable because they are simple, low-cost corrections that require only minor actions such as installing inexpensive hardware, adding compliant signage, clearing maneuvering space, adjusting the heights of restroom accessories, or purchasing a single accessible table, none of which involve structural alterations or significant expense. Plaintiff's experience demonstrates how these modest fixes would have provided meaningful access: despite the shop's modern, clean, and open

appearance, there was not a single place where he could sit, forcing him and his son to return to their car and turning what should have been an ordinary shared moment into an experience of exclusion from public life. DOJ regulations identify door clearances, restroom hardware, grab bars, signage, reach ranges, floor mats, and movable obstructions as examples of modifications that are generally readily achievable for existing facilities, and courts routinely find them inexpensive and within a business's control. The contemporary design and wide-open layout of this facility further show that accessibility barriers stem not from structural limitations but from easily correctable choices. Because the financial cost of removing these barriers is trivial compared to the substantial benefit of allowing people with mobility disabilities to sit, maneuver, and use the restroom like everyone else, and because compliance with the 2010 ADA Standards and the CBC 2022 is routine and straightforward in retail environments, removal of these barriers is readily achievable and should have been completed well before Plaintiff's visit.

23. The acts and omissions of Defendant set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 *et seq.*

24. Pursuant to section 42 U.S.C. 12188, Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination. Plaintiff prays for judgment as set forth below.

## SECOND CLAIM
## UNRUH CIVIL RIGHTS ACT
### Cal. Civ. Code §51 *et seq.*

25. Plaintiff repleads and incorporates by reference, as if fully set forth

hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

26. Acai Republic is a business establishments and, as such, must comply with the Unruh Act, Cal. Civ. Code, § 51, *et seq.*

27. The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code, § 51(b).

28. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. Cal. Civ. Code, § 51 (f).

29. Defendant has violated the Unruh Act by, among other things, denying, or aiding or inciting the denial of, Plaintiff's right to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at Acai Republic.

30. Defendant has also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

31. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

## THIRD CLAIM
## DISABLED PERSONS ACT
### Cal. Civ. Code § 54 *et seq.*

32. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

33. Acai Republic and its facilities are places of public accommodation

and/or places to which the general public is invited and, as such, they are obligated to comply with the California Disabled Persons Act ("CDPA"), Cal. Civ. Code § 54 *et seq*.

34. The CDPA guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. Cal. Civ. Code § 54.

35. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. Cal. Civ. Code § 54.1(a)(1).

36. The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA, Cal. Civ. Code § 54.1(d).

37. Defendant has violated the CDPA by, among other things, denying and/or interfering with Plaintiff's right to full and equal access as other members of the general public to the accommodations, advantages, or facilities of Acai Republic and its related facilities due to his disability.

38. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code §§ 54.3 and 55, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendant as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

13

under the laws of the United States and the State of California.

2. Plaintiff requests a declaratory judgment that Defendant's actions, omissions, and failures—including, but not limited to, failing to remove known barriers at Acai Republic to make it "accessible to and useable by" mobility disabled persons; failing to construct and/or alter Acai Republic in compliance with federal and state access standards; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities.

3. Plaintiff requests that the Court issue an order enjoining Defendant, its agents, officials, employees, and all persons and entities acting in concert with it:

    a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b. To provide reasonable accommodation for persons with disabilities at Acai Republic;

    c. To ensure that persons with disabilities are not denied equal benefits at Acai Republic;

    d. To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without limitation, the removal of all barriers to access where "readily achievable;"

    e. To maintain such accessible facilities once they are provided;

    f. To train Defendant's employees and agents in how to accommodate the rights and needs of physically disabled persons at Acai Republic; and

    g. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at the facilities.

2. Plaintiff requests that the Court retain jurisdiction over Defendant

until the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including, but not limited to, statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof;

4. Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding;

5. Plaintiff requests prejudgment interest under California Civil Code § 3291;

6. Plaintiff requests interest on monetary awards as permitted by law; and

7. Plaintiff requests any other relief that this Court may deem just and proper.

Date: December 4, 2025                              ALLACCESS LAW GROUP

                                                */s/ Irakli Karbelashvili*
By IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
JAMES ALGER

# JURY DEMAND

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: December 4, 2025                                    ALLACCESS LAW GROUP

                                                            */s/ Irakli Karbelashvili*
                                                          By IRAKLI KARBELASHVILI, Esq.
                                                          Attorney for Plaintiff
                                                          JAMES ALGER